**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:09CV224-RJC-DSC**

| | |
|---|---|
| CARL STURDIVANT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KONE INC., )<br>)<br>Defendant. )<br>)<br>) | **ORDER** |

**THIS MATTER** is before the Court on Defendant's "Motion to Compel Production of Documents and for an Order Extending the Time for Completion of Discovery" (document #24) filed December 11, 2009; and the pro se Plaintiff's "Brief in Opposition ..." (document #25) filed December 22, 2009. On January 6, 2010, Defendant filed its "Reply ..." (document #26).

The Court has previously denied Plaintiff's "Expedited Motion to Compel ..." (document # 12) and "Renewed Expedited Motion to Compel ...." (document #13). See "Text-Only Order" entered September 22, 2009 (Defendant's response brief established that discovery responses had been served in a timely manner).

More recently, the Court denied Plaintiff's "Third Renewed Motion to Compel ..." (document #16) and granted "Plaintiff's Motion to Extend Time to Respond to Defendant's First Set of Requests to Produce and First Set of Interrogatories" (document #20). See "Order" (document #21) (extending deadline for Plaintiff's discovery responses to December 9, 2009) entered November 18, 2009.

In granting Plaintiff the requested extension to serve then-"long overdue" responses to

Defendant's written discovery requests, the Court took into account his pro se status. "The Court caution[ed] Plaintiff, however, that he may not condition his discovery responses upon his satisfaction with Defendant's responses." Document #21 at 2 (emphasis in original).

Moreover, the Court "specifically warn[ed] Plaintiff that any further failure to respond to Defendant's First Set of Requests to Produce and First Set of Interrogatories, or otherwise respond to Defendant's reasonable discovery requests, or to comply with the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions can include Plaintiff being required to pay Defendant's costs, including reasonable attorney's fees, and may also include dismissal of this lawsuit with prejudice**." Id. (emphasis in original).[1]

On December 11, 2009, having received nothing from Plaintiff, Defendant filed the subject Motion, seeking an Order compelling Plaintiff to serve the responses and extending the discovery deadline. Defendant also seeks to recover its related costs, but has not yet submitted an Affidavit detailing those costs.

In his Brief in Opposition, Plaintiff consents to the extension of the discovery deadline but maintains that he has now served complete responses to both Defendant's First Set of Requests to Produce and First Set of Interrogatories.

In its Reply, which included the discovery requests and Plaintiff's responses as exhibits, however, Defendant credibly demonstrates that Plaintiff has failed to serve complete responses. Indeed, on December 14, 2009, Plaintiff delivered to defense counsel's office 45 pages of documents

---

[1] The Fourth Circuit has emphasized the significance of both establishing a history of dilatory action and warning to the offending party of what may follow prior to dismissing the action. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

without providing any additional information. Plaintiff provided no designation or explanation as to which documents related to which or any of Defendant's document requests. Defendant further credibly asserts that having reviewed these documents, it is clear that Plaintiff produced no documents relating to a number of Defendant's requests, although he made no objection to any of those requests.

With respect to Defendant's First Set of Interrogatories, as of the date of the filing of Defendant's Reply (January 6, 2010), Plaintiff still has not served any responses.

Accordingly, Defendant is entitled to an Order compelling Plaintiff to serve complete responses. <u>Plaintiff is warned that he may not at this late stage in discovery raise any objections to Defendant's written discovery requests, but must instead answer and respond to each of them completely</u>.

Moreover, having previously warned the <u>pro se</u> Plaintiff of the consequences of failing to comply with the Court's November 18, 2009 Order and properly respond to Defendant's discovery requests, the Court concludes that imposition of sanctions is not only warranted but in fact necessary to ensure Plaintiff's future compliance. The undersigned will not recommend dismissal <u>at this time</u>, but will impose instead monetary sanctions. After defense counsel has submitted an Affidavit of Defendant's costs incurred in preparing and prosecuting this Motion, the Court will consider what amount of monetary sanctions should be imposed and will enter an appropriate Order.

Furthermore, the Court heightens its earlier warning. Any further failure to respond to Defendant's First Set of Requests to Produce and First Set of Interrogatories, or otherwise to respond to Defendant's reasonable discovery requests, or to comply with the Court's Orders, the Local Rules, or the Rules of Civil Procedure <u>will</u> result in the imposition of additional sanctions. **Sanctions can**

3

**include Plaintiff being required to pay Defendant's costs, including reasonable attorney's fees, and <u>may also include dismissal of this lawsuit with prejudice</u>**."

**NOW, THEREFORE, IT IS ORDERED:**

1. Defendant's "Motion to Compel Production of Documents and for an Order Extending the Time for Completion of Discovery" (document #24) is **GRANTED**, that is:

   a. <u>Plaintiff is **ORDERED** to serve complete responses to Defendant's First Set of Requests to Produce and First Set of Interrogatories, as discussed in more detail above, on or before January 15, 2010</u>.

   b. On or before January 15, 2010, defense counsel shall file an Affidavit of costs, including attorneys' fees, Defendant incurred in preparing and prosecuting this Motion.

   c. The discovery deadline is extended to February 15, 2010, and the dispositive motions deadline is extended to March 15, 2010.

2. The Clerk is directed to send copies of this Order to the <u>pro se</u> Plaintiff; to counsel for Defendant; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED**.

Signed: January 7, 2010

_____
David S. Cayer
United States Magistrate Judge